UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDWARD SUTTON,                                              Civil Action No.:

              Plaintiff,

   -against-                                            **COMPLAINT**

FINANCIAL RECOVERY SERVICES, INC.,                          **DEMAND FOR JURY TRIAL**

             Defendant(s).
------------------------------------------------------------X

Plaintiff, EDWARD SUTTON ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant, FINANCIAL RECOVERY SERVICES, INC., (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff EDWARD SUTTON is a resident of the State of New York, residing at 1594 East 18th Street, Brooklyn, New York 11230-7202.

3. Defendant FINANCIAL RECOVERY SERVICES, INC. is a corporation engaged in the business of debt collection in Minnesota, with their main office at 4900

Viking Drive, Edina, MN 55435.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692 a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon

information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from

Plaintiff.

23.     Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by writing to Plaintiff.

24.     On or about August 7, 2014, Plaintiff received a mass-produced notice from Defendant dated August 4, 2014

25.     Defendant's notice bore a heading stating:

**\*\*\*\*\*\*PAYMENTS ARE AN OPTION\*\*\*\*\*\***

26.     Beneath said heading, Defendant printed in all caps, the following:

"AS YOU HAVE NOT RESOLVED THIS ACCOUNT AND WE BELIEVE THAT YOU ARE UNABLE TO BORROW THE MONEY TO PAY OFF THE ABOVE ACCOUNT, WE ARE EXTENDING TO YOU ANOTHER OPTION.

IN AN EFFORT TO ALLOW YOU MORE TIME TO GET YOUR FINANCES IN ORDER, WE WILL AGREE TO ACCEPT $25.00 PER MONTH FOR THE NEXT THREE MONTHS.

AT THE END OF THE THREE MONTHS THE ARRANGEMENT WILL BE REVIEWED AND HOPEFULLY YOU WILL BE ABLE TO PAY THE REMAINING BALANCE IN FULL.

IN ORDER FOR THIS ARRANGEMENT TO BE ACCEPTED BY OUR OFFICE, YOU NEED TO NOTIFY US BY EITHER WRITING OR TELEPHONING OUR OFFICE THAT YOU AGREE TO THE TERMS MENTIONED ABOVE, OR JUST SEND THE PAYMENT IN THE ENCLOSED ENVELOPE. IT'S THAT EASY!!!"

27.     Defendant's notice was signed: "Sincerely, Jon Kurtz, Account Manager.

28.     Defendant's notice referenced a balance due of $1477.29.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

29.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same

were set forth at length herein.

30. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

31. Defendant is in violation of 15 USC §1692 e – preface and e (10) by sending written communications to Plaintiff and consumers which falsely purport that Defendant has knowledge about consumers' financial circumstances and intentions and which present consumers with a confusing payment "arrangement" regarding their accounts which "arrangement" is deceptively disguised as a beneficial offer. As exemplified by notice addressed to Plaintiff dated August 4, 2014, Defendant's explanation for it's offer: "We believe that you are unable to borrow the money to pay off the above account," is an unaccountable claim, not only regarding a consumer's wherewithal for borrowing, but about his or her wish or intention to borrow. Defendant follows by writing that it wishes to "give you more time to get your finances in order," another specious and presumptuous statement implying knowledge of a consumer's personal circumstances. Defendant's plan or "arrangement" for giving consumers "more time" is to accept three monthly payments and stating "at the end of the three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full." Defendant deceptively omits what "reviewed" could possibly entail if the consumer sends the three monthly payments, what is the necessity for review? More significantly, by saying "hopefully you will be able to pay the balance in full," Defendant omits what would occur should the consumer be unable to do this. Defendant further states that their "arrangement" can be accepted by writing or calling them stating "that you agree to the terms mentioned above," when the "terms" have deliberately been

Case 1:15-cv-00313-RJD-CLP   Document 1   Filed 01/21/15   Page 7 of 10 PageID #: 7

obscured or excluded from Defendant's notice.

32. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

33. The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably creating and mailing to consumers written notices which suggest to the consumer, and leave the impression with the consumer, that they are being offered an opportunity to assist them when no such opportunity appears to be offered and what is offered is confusing in the extreme as well as inappropriately worded. Defendant begins its notice with a large heading stating: "PAYMENTS ARE AN OPTION," a confusing and meaningless phrase as it goes without saying that payments are an option. Defendant then implies that Plaintiff would consider borrowing money to pay Defendant and moreover, that Plaintiff is unable to do so. Defendant then pretends to be writing with a solution or to offer assistance to Plaintiff which takes the form of giving Plaintiff "more time to get your finances in order," with the objective of paying a full balance of $1,477.29 by sending payments over a period of three months and then be "reviewed" by Defendant with the "hopeful" expectation that Plaintiff would then pay the remaining balance. It is unfairly left to the Plaintiff and consumer recipients of Defendant's mailing to do the math to determine what the remaining balance would be less the $75.00 involved in Defendant's "arrangement," as well as how the arrangement would benefit the consumer. Defendant fails to explain why giving the consumer three months of installment payments followed by a demand for the remaining sum after some sort of "review," is helpful and how such an "arrangement" would foster Plaintiff's finances or help him or her get said finances "in order," except to infer that said three months would

allow the consumer to find a way to "borrow" money. Defendant then unfairly and unconscionably directs consumers to contact them and state that they agree to "the terms mentioned," concluding with "It's that easy!!!" when no clear terms have been provided which a consumer would be able to easily understand.

34.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

35.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         December 12th, 2014

                                          Respectfully submitted,

                                          By: *[signature]*
                                      Edward B. Geller, Esq.(EG9763)
                                      Edward B. Geller, Esq., P.C., Of Counsel to
                                      M. HARVEY REPHEN & ASSOCIATES, P.C.
                                      15 Landing Way
                                      Bronx, New York 10464
                                      Phone:    (914)473-6783

                                      *Attorney for the Plaintiff* EDWARD SUTTON


To:   Financial Recovery Services, Inc.
      4900 Viking Drive
      Edina, MN 55435

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern District of New York

      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

EDWARD SUTTON,

                    Plaintiff,

-against-

FINANCIAL RECOVERY SERVICES, INC.,

                    Defendant(s).

---

## CLASS ACTION COMPLAINT

---

Edward B. Geller, Esq., P.C., Of Counsel to

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783

---