UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

EDWARD SUTTON,  Case No. 1:15-cv-313-RJD-CLP

        Plaintiff,

  -against-

FINANCIAL RECOVERY SERVICES, INC.,

        Defendant.

---------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6)

## INTRODUCTION

Plaintiff Edward Sutton respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss. The claims set forth in the Complaint filed by Plaintiff do state a claim for relief under the Fair Debt Collection Practices Act ("FDCPA") and Defendant's motion should therefore be dismissed.

## FACTS

In or about August of 2014, Defendant, on behalf of a third party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from Plaintiff. Defendant sent a written notice to Plaintiff dated August 4, 2014, which was received by Plaintiff on August 7, 2014. Defendant's notice bore a heading stating:

******PAYMENTS ARE AN OPTION******

Beneath this heading, Defendant printed in all caps the following:

AS YOU HAVE NOT RESOLVED THIS ACCOUNT AND WE BELIEVE THAT YOU ARE UNABLE TO BORROW THE MONEY TO PAY OFF THE ABOVE ACCOUNT, WE ARE EXTENDING TO YOU ANOTHER OPTION.

IN AN EFFORT TO ALLOW YOU MORE TIME TO GET YOUR FINANCES IN ORDER, WE WILL AGREE TO ACCEPT $25.00 PER MONTH FOR THE NEXT THREE MONTHS.

AT THE END OF THE THREE MONTHS THE ARRANGEMENT WILL BE REVIEWED AND HOPEFULLY YOU WILL BE ABLE TO PAY THE REMAINING BALANCE IN FULL.

IN ORDER FOR THIS ARRANGEMENT TO BE ACCEPTED BY OUR OFFICE, YOU NEED TO NOTIFY US BY EITHER WRITING OR TELEPHONING OUR OFFICE THAT YOU AGREE TO THE TERMS MENTIONED ABOVE, OR JUST SEND THE PAYMENT IN THE ENCLOSED ENVELOPE. IT'S THAT EASY!!!"

Defendant's notice was signed "Sincerely, Jon Kurtz, Account Manager, and referenced a balance due of $1,477.29.

## LEGAL ARGUMENT

Defendant's notice to Plaintiff violated the "FDCPA" Section 1692 e-preface and e (10) by the use of "false, deceptive or misleading representations in connection with the collection of a debt." Defendant's notice to Plaintiff falsely purported that Defendant had knowledge as to the consumer's financial circumstances and intentions. Defendant assumed that Plaintiff was "unable to borrow the money to pay off the above account." Defendant then, in a condescending manner, says that it wishes to "give you more time to get your finances in order." And the language used by Defendant regarding the proposed payment plan is unclear and deceptive. What is entailed in Defendant's statement that "at the end of the three months the arrangement will be reviewed

and hopefully you will be able to pay the remaining balance in full."? The language of this "offer" is unclear and open to various interpretations.

Defendant also violated Section 1692 f-preface, which prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt. This violation arose out of language in Defendant's notice to Plaintiff that suggested to the consumer, and left the impression with the consumer, that he was being offered an opportunity to assist him which was misleading and unclear.

As counsel for Defendant stated in its Memorandum of Law, Courts within the Second Circuit use the least sophisticated consumer standard to determine whether or not an FDCPA violation took place. In Turner v. Asset Acceptance, LLC, 302 F. Supp2nd 56 (2004), an Eastern District case, the Court stated that "in determining whether the debt collection letter is "false, deceptive or misleading" under the FDCPA, the proper standard the courts should follow is whether allegedly deceptive elements of the letter would deceive or mislead the least sophisticated consumer. Another Eastern District case, Moore v. Diversified Collection Services, Inc., 843 F. Supp 2nd 280 (2012), said that the Second Circuit relies upon the "least sophisticated consumer" standard to ensure that the "FDCPA" protects the guillible as well as the shrewd." That Court also said that the FDCPA is a strict liability statute, and therefore Plaintiff need not

show that the debt collector intended to deceive in order to prevail on a claim that a communication is misleading. Yet another Eastern District case, Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp 2nd 482 (2013) said that the least sophisticated consumer standard is designed to protect all consumers, even the naïve and the trusting, against deceptive debt collection practices. It also said that a violation of the FDCPA results when a letter "can be reasonably read to have two or more different meanings, one of which is inaccurate." The letter received by Plaintiff speaks for itself. It is open to multiple interpretations by someone who would be considered to be of advanced sophistication, let alone someone who would fit the "least sophisticated consumer" classification.

Contrary to Defendant's claim, Plaintiff's action is not an attempt to "extend the reach of the FDCPA to irrational levels." In fact, it is Defendant that is trying to limit the intended scope of the statute. In Tsenes v. Transcontinental Credit & Collection Corp., 892 F. Supp. 461 (1995), an Eastern District case, the Court pointed out that the FDCPA was intended to be read broadly.

The Court should take judicial notice of the fact that abuse by debt collectors against debtors is not that uncommon. See the attached press release from the Federal Trade Commission dated February 26, 2015. (Exhibit "A")

If Defendant's motion is granted, Plaintiff will be prevented from proceeding with its action. If the motion is denied, the parties will both be given the opportunity to present their evidence and testimony before a jury for a final determination on the merits. By the very standards cited by Defendant in its papers (Conley v. Gibson, 555 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957), Defendant's motion must be dismissed. The language contained in the letter from Defendant to Plaintiff is obviously open to various interpretations, and Plaintiff is well within reason in questioning the meaning and the tone of the letter. Defendant has not met its burden in showing it is entitled to the relief requested. Therefore, its motion must be denied in its entirety.

Dated: May 29, 2015.

        Edward B. Geller, Esq., P.C.

        By: /s/Edward B. Geller

        15 Landing Way

        Bronx, New York 10464

        Tel: (914)473-6783

EXHIBIT "A"



FEDERAL TRADE COMMISSION

# FTC, New York Attorney General Crack Down on Abusive Debt Collectors

## Charges Cite Harassing Conduct, False and Deceptive Claims Made to Consumers

February 26, 2015

TAGS:  Bureau of Consumer Protection  |  Northeast Region  |  Consumer Protection  |  Credit and Finance  |  Debt Collection

The Federal Trade Commission, jointly with the New York State Office of the Attorney General, has filed complaints aimed at shutting down two particularly egregious and abusive debt collection operations centered in Buffalo, New York that target consumers nationwide. According to the complaints, the separate enterprises used threats and abusive language, including false threats that consumers would be arrested, to collect more than $45 million in supposed debts.

"The Federal Trade Commission is pleased to work with the New York State Attorney General to stop abusive debt collectors," said Jessica Rich, Director of the FTC's Bureau of Consumer Protection. "The cases announced today will help protect consumers from debt collectors that disregard the law in an attempt to make a buck."

"Today's action should make it clear that nobody is above the law, and when shady debt collectors engage in illegal and abusive business practices, they will be held accountable," said Attorney General Schneiderman. "The use of threats, including the threat of arrest, to collect debts is unconscionable, and I am pleased to partner with the FTC to stand up for consumers against these bad actors."

The federal court has temporarily halted defendants' practices in both cases at the FTC's and New York Attorney General's request.

### 4 Star Resolution LLC

On February 9, 2015, the FTC and New York Attorney General's Office filed a complaint against 4 Star Resolution LLC, six other corporate entities, and three individuals (collectively, 4 Star), alleging that 4 Star used abusive and deceptive tactics to pressure consumers into making payments on supposed debts.

According to the complaint, 4 Star regularly called consumers using fictitious addresses, bogus company names, and spoofed phone numbers. After misrepresenting their names and locations, 4 Star's collectors falsely identified themselves to consumers, claiming that they were attorneys, process servers, government agents, or criminal law enforcement officials.

In addition, 4 Star's collectors allegedly falsely claimed that the consumers had committed an illegal or criminal act such as bank or check fraud. 4 Star's collectors then falsely threatened consumers with dire consequences, including arrest, imprisonment, and civil lawsuits, unless the consumers made an immediate payment on the supposed debts.

The complaint cites several examples that illustrate the defendants' alleged abusive and deceptive conduct. During one call to collect on a supposed debt, a 4 Star collector used the pseudonym "Detective Jeff Ramsay," and left a message where he falsely asserted that he was seeking to serve a bench warrant on the consumer for check fraud.

In another instance, 4 Star's collectors falsely told a consumer that her husband had committed check and money fraud and that legal action would be taken against the husband if the debt was not paid in two days. One of 4 Star's collectors falsely identified himself to the consumer as "Investigator Kearns" and claimed that he worked for a government agency located in Washington, DC.

The complaint also alleges that when consumers asked for proof of the supposed debt, 4 Star's representatives refused to provide it, and instead often told consumers they would only receive proof in court or after the debt was paid. The defendants often allegedly failed to provide written notice of the debt as required by law and failed to make required disclosures to consumers.

Finally, the complaint alleges that 4 Star unlawfully disclosed information about supposed debtors to third parties, including friends, family members, and employers, and illegally used abusive and profane language, including routinely calling consumers such names as "idiot," "dummy," "piece of scum," "thief," or "loser."

**Vantage Point Services, LLC**

According to the second complaint, filed against Vantage Point Services, LLC, and related corporate and individual defendants, the organization, used deceptive, unfair, and abusive tactics to pressure consumers into making payments on supposed debts.

The complaint alleges that in collection calls to consumers the defendants often falsely claimed to be a law firm, process server, unrelated debt collection company, or entity affiliated with the government. In some instances, the defendants even posed as government agents, including FBI agents and district attorneys. In others instances, the defendants falsely told consumers they were working as an intermediary with the state, or that the state had placed the consumers' account with them to give them a chance to pay the debt before criminal charges were filed.

With this deceptive backdrop, the defendants falsely claimed that consumers had committed a crime and that an arrest warrant would be issued unless they made a payment. Often, the defendants told consumers that they would spend 90 or 120 days in jail, or that that would need to pay thousands of dollars in bail if they didn't pay

The defendants' conduct was not limited to people that supposedly owed the debt, however. Vantage Point made similar representations to third parties, including supposed debtors' friends, family members, and co-workers. In some cases, the defendants falsely told third parties that the supposed debtors had committed a crime and that a warrant had been issued for their arrest.

Finally, the complaint states that the defendants failed to provide consumers with basic information about their identity during calls, did not provided consumers with information about the supposed debt within five days of the call, as required by the Fair Debt Collection Practices Act (FDCPA), and illegally charged them a "processing fee."

Both complaints charge the respective defendants with violating the FTC Act and the FDCPA, as well as several New York State laws prohibiting deceptive acts and practices. In filing the complaints, the FTC and the New York Attorney General's Office are seeking to permanently stop the defendants' illegal conduct and to obtain money to provide refunds to consumers.

The 4 Star defendants are: 1) 4 Star Resolution LLC; 2) Profile Management, Inc.; 3) International Recovery Service LLC; 4) Check Solutions Services Inc.; 5) Check Fraud Service LLC; 6) Merchant Recovery Service, Inc.; 7) Fourstar Revenue Management LLC; 8) Travell Thomas, individually and as a principal, manager, and/or officer of several of the corporate defendants; 9) Maurice Sessum, individually and as a principal, manager, and/or officer of several of the corporate defendants; and 10) Charles Blakely III, individually and as principal, manager, and/or officer of Merchant Recovery Service, Inc. The complaint also alleges that the corporate defendants conducted business through approximately two dozen fictitious names.

The Vantage defendants are: 1) Vantage Point Services, LLC; 2) Payment Management Solutions, Inc.; and 3) Gregory MacKinnon; 4) Megan Vandeviver; and 5) Angela Burdorf, each individually and as an officer of one or more of the corporate defendants.

The Commission vote authorizing the filing of each complaint was 5-0. The complaints against 4 Star and Vantage Point Services were filed in the U.S. District Court for the Western District of New York.

**Information for Consumers**

The FTC has information for consumers about deceptive and abusive debt collectors and what to do about them on its website.

**NOTE:** The Commission files a complaint in federal district court when it has "reason to believe" that the law has been or is being violated, and it appears to the Commission that a proceeding is in the public interest. The cases will be decided by the court.

The Federal Trade Commission works for consumers to prevent fraudulent, deceptive, and unfair business practices and to provide information to help spot, stop, and avoid them. To file a complaint in English or Spanish, visit the FTC's online Complaint Assistant or call 1-877-FTC-HELP (1-877-382-4357). The FTC enters complaints into Consumer Sentinel, a secure, online database available to more than 2,000 civil and criminal law enforcement agencies in the U.S. and abroad. The FTC's website provides free information on a variety of consumer topics. Like the FTC on Facebook, follow us on Twitter, and subscribe to press releases for the latest FTC news and resources.

# Contact Information

**MEDIA CONTACT:**
Mitchell J. Katz
*Office of Public Affairs*
202-326-2161

**STAFF CONTACTS:**
William Efron, Director
*FTC Northeast Region*
212-607-2827 (4 Star Resolution)

Brian Lasky
*FTC Northeast Region*
212-607-2814 (4 Star Resolution)

Chris Koegel
*Bureau of Consumer Protection*
202-326-2761 (Vantage Point Services)

Colin Hector
*Bureau of Consumer Protection*
202-326-3376 (Vantage Point Services)


ftc.gov

## CERTIFICATE OF SERVICE

I certify that on the 1st day of June 2015, I caused a true and correct copy of the foregoing document to be served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District of New York's Local Rules; on Electronic Service, upon the following parties and participants:

Moss & Barnett

Attorneys for Defendant

150 South Fifth Street, Ste. 1200

Minneapolis, MN 55402-4129

Tel: (612)877-5000

e-mail: Mike.Edmund@lawmoss.com

Edward B. Geller, Esq., P.C. by

*/s/ Edward B. Geller/*

Edward B. Geller