UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDWARD SUTTON,

        Plaintiff,                                 **MEMORANDUM & ORDER**

      - against -                                 No. 15-CV-313 (RJD) (CLP)

FINANCIAL RECOVERY SERVICES, INC.,

        Defendant.
------------------------------------------------------------ x
RAYMOND J. DEARIE, United States District Judge:

       Financial Recovery Services, Inc. ("FRS"), sent Edward Sutton a debt collection letter with the heading "PAYMENTS ARE AN OPTION," offering to accept $25 per month for three months to allow Sutton "more time to get [his] finances in order." Sutton opted instead to sue FRS, alleging that the letter violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. FRS has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Sutton has failed to allege a violation of the FDCPA. The Court agrees, and for the reasons set forth herein the motion to dismiss is granted.

BACKGROUND

       On August 7, 2014, Sutton received a letter from FRS stating the following:

                  *****PAYMENTS ARE AN OPTION*****

       AS YOU HAVE NOT RESOLVED THIS ACCOUNT AND WE BELIEVE THAT YOU ARE UNABLE TO BORROW MONEY TO PAY OFF THE ABOVE ACCOUNT, WE ARE EXTENDING TO YOU ANOTHER OPTION.

       IN AN EFFORT TO ALLOW YOU MORE TIME TO GET YOUR FINANCES IN ORDER, WE WILL AGREE TO ACCEPT $25.00 PER MONTH FOR THE NEXT THREE MONTHS.

       AT THE END OF THE THREE MONTHS THE ARRANGEMENT WILL BE REVIEWED AND HOPEFULLY YOU WILL BE ABLE TO PAY THE REMAINING BALANCE IN FULL.

> IN ORDER FOR THIS ARRANGEMENT TO BE ACCEPTED BY OUR OFFICE, YOU NEED TO NOTIFY US BY EITHER WRITING OR TELEPHONING OUR OFFICE THAT YOU AGREE TO THE TERMS MENTIONED ABOVE, OR JUST SEND THE PAYMENT IN THE ENCLOSED ENVELOPE. IT'S THAT EASY!!!

The letter references a balance due of $1,477.29. Any other details about the letter have been omitted from the complaint and are not at issue in the motion.

On January 21, 2015, Sutton filed a class action complaint on behalf of individuals who have received similar debt collection notices from FRS. The complaint alleges that the letter violates sections 1692e and 1692f of the FDCPA by (1) falsely suggesting that FRS has knowledge of a consumer's financial circumstances, and (2) offering a confusing "arrangement" to the consumer "disguised as a beneficial offer." FRS moved to dismiss on June 1, 2015.

## DISCUSSION

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nonetheless, while the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

The FDCPA was enacted "with the aim of eliminating abusive practices in the debt collection industry" while also ensuring that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 89 (2d Cir. 2008) (quoting 15 U.S.C. § 1692e). "These purposes

2

inform the FDCPA's many provisions." Id. Among other things, the Act bars the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, while proscribing "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. The legislative history of the FDCPA abounds with illustrations of the kinds of abuse that the Act was meant to eliminate, "such as use of 'obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.'" Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) (quoting S. Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

"[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" Jacobson, 516 F.3d at 90 (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). Under this standard, collection notices are assessed from the standpoint of a person with less astuteness than "the average, everyday, common consumer" but more than that of a "dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). "However, 'in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness.'" Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012) (quoting Clomon, 988 F.2d at 1318)). The FDCPA's protections do "'not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" Id. at 234 (quoting Clomon, 988 F.2d at 1318)). Accordingly, "because the least sophisticated consumer standard is objective, the

3

determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law" that the Court may resolve on a motion to dismiss. Quinteros v. MBI Associates, Inc., 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting Castro v. Green Tree Servicing LLC, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).

Here, Sutton alleges that FRS violated 15 U.S.C. §§ 1692e and 1692f. For the reasons set forth below, Sutton has failed to plead facts that plausibly invoke the protection of the FDCPA.

A. Section 1692e Claim

Section 1692e prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e also contains a non-exhaustive list of practices within the purview of this prohibition including, *inter alia*, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). A collection letter will be considered deceptive when it "could mislead a putative-debtor as to the nature and legal status of the underlying debt, or [when it] could impede a consumer's ability to respond to or dispute collection." Gabriele v. Am. Home Mortgage Servicing, Inc., 503 F. App'x 89, 94 (2d Cir. 2012). This includes practices that are "contradictory, vague, or threatening." Id. at 95 (citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996), and Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25-26 (2d Cir. 1989)). A collection letter may also violate § 1692e when its language is "open to more than one reasonable interpretation, at least one of which is inaccurate." Easterling, 692 F.3d at 233 (quoting Clomon, 988 F.2d at 1319)).

Sutton has failed to allege a plausible claim for relief under § 1692e. The offer presented in the collection letter at issue here is straightforward. It provides for monthly $25.00 payments for three months as an alternative to paying off the entirety of an overdue balance immediately.

4

At the conclusion of the three-month period, the arrangement will be "reviewed." Sutton alleges this offer is deceptive because (1) it is a "confusing payment arrangement," (2) it does not indicate what would be "reviewed," and (3) it does not specify what would happen if Sutton did not pay off the account at the end of the three-month period. Applying the least sophisticated consumer test to these facts, it is clear that no misrepresentation occurred.

The letter plainly states FRS's proposed repayment arrangement. Sutton has not alleged that anything about this repayment arrangement is threatening, misleading regarding the status of the debt, impedes a consumer's ability to respond to or dispute collection, or even is open to an inaccurate interpretation. Additionally, while the word "reviewed" in isolation is perhaps vague, there is nothing deceptive about the sentence, taken as a whole, that "[a]t the end of the three months the arrangement will be reviewed" with the hope that the Sutton "will be able to pay the remaining balance in full." That statement indicates that the parties will revisit the proposed repayment plan after three months, and it is FRS's hope that at that time Sutton will repay the remaining balance of the debt. Sutton has not alleged how *any* reading of the word would suggest an inaccurate or deceptive meaning. Sutton's allegations are nothing more than conclusory objections to essentially benign text. As the complaint "nowhere alleges that the repayment offer was not as represented, this pleading is necessarily insufficient to state a § 1692e(10) claim." Rogers v. Capital One Servs., LLC, 447 F. App'x 246, 248 (2d Cir. 2011) (dismissing a claim under § 1692e(10) that an offer "to make arrangements for an acceptable repayment plan" was deceptive because it attempted to "lure" consumers into negotiations with debt collectors); see also Rios v. Pinnacle Fin. Grp., Inc., No. 05-CV-10290 (SHS), 2006 WL 2462899, at *4 (S.D.N.Y. Aug. 23, 2006) (letter "simply present[ing] options for payment . . . is fully in keeping with the dictates of [§ 1692e]").

5

Consistent with this conclusion is a decision from the Eastern District of Pennsylvania considering a nearly identical letter. In DeGeorge v. Fin. Recovery Serv., Inc., No. 11-CV-04288, 2012 WL 4473229, at *5 (E.D. Pa. Sept. 28, 2012), the plaintiff alleged that a letter from FRS indicating that "PAYMENTS ARE AN OPTION" and offering to accept $25.00 per month for the next three months violated § 1692e. The Court disagreed, explaining that "[t]he statement 'PAYMENTS ARE AN OPTION' could only be misleading, if at all, if plaintiff neglected to read the remainder of the . . . letter. However, even the 'least sophisticated consumer' is presumed to have a 'basic level of understanding' and a 'willingness to read' collection letters with care" and therefore the "letter was not false or misleading." Id. This Court sees no reason to depart from that logic here.[1]

Lastly, Sutton also complains that the letter improperly indicates that FRS "has knowledge about consumers' financial circumstances" and makes "presumptuous statements." However, similar statements were made in Rogers and, of course, DeGeorge. Sutton has not offered any reason why the purportedly "presumptuous" statements in this case violate the FDCPA. Accordingly, Sutton's claim pursuant to section 1692e is dismissed.

B. Section 1692f Claim

In its prefatory clause, section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The prefatory clause is followed by a list of specific "examples of . . . conduct" that constitutes a violation of this section. Schweizer v. Trans Union Corp., 136 F.3d 233, 236 n.2 (2d Cir. 1998) (citing 15 U.S.C. §§ 1692f(1)-(8)). "The list of § 1692f violations found in the subsections are nonexhaustive,"

---

[1] While the court in DeGeorge declined to dismiss a claim under § 1692f—noting a factual dispute appropriate for resolution by a jury—that claim was based on arguments not raised by Sutton here. Accordingly, that portion of the decision does not guide the Court here.

Tsenes v. Trans-Cont'l Credit & Collection Corp., 892 F. Supp. 461, 466 (E.D.N.Y. 1995), and the prefatory clause in section 1692f "is a catchall provision that provides a cause of action 'standing alone,'" Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013) (quoting Tsenes, 892 F. Supp. at 465); see also Rogers, 447 F. App'x at 249 (noting that section 1692f's prefatory clause is "a catchall provision").

To determine whether the facts as pled state a plausible claim for relief under section 1692f, it is necessary to determine the meaning of "unfair or unconscionable." "Aside from the examples of violations within section 1692f, the FDCPA does not purport to define 'unfair or unconscionable.'" Rojas v. Forster & Garbus LLP, No. 13-CV-02825 (DLI), 2014 WL 3810124, at *5 (E.D.N.Y. July 31, 2014). "Courts analyzing claims under 1692f have acknowledged that '[t]he phrase 'unfair or unconscionable' is as vague as they come.'" Okyere, 961 F. Supp. 2d at 531 (quoting Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 474 (7th Cir. 2007)). The plain meaning of the words sheds some light on their meaning. Relying on definitions of the Act's terms, courts have considered an action unfair where it is "marked by injustice, partiality, or deception," and unconscionable when it is "unscrupulous," "show[s] no regard for conscience," or "affront[s] the sense of justice, decency, or reasonableness." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (citations omitted); see also Rojas, No. 13-CV-02825 (DLI), 2014 WL 3810124, at *5 (citing LeBlanc approvingly); Okyere, 961 F. Supp. 2d at 531 (same). The legislative history to section 1692f, on the other hand, "is not helpful" in determining the meaning of "unfair or unconscionable" as it "simply states that '[a] debt collector is prohibited from using any unfair or unconscionable means to collect debts.'" McMillan v. Collection Professionals Inc., 455 F.3d 754, 764 (7th Cir. 2006) (quoting S. Rep. 95-382, at 8, 1977 U.S.C.C.A.N. 1695, 1702). Similarly, the FTC Commentary, which

"does not provide any definition for the term 'unconscionable'" is not "particularly helpful" or "persuasive." Id. (citing FTC Commentary, 53 Fed. Reg. 50097-02, 50106 (Fed. Trade Comm'n Dec. 13, 1988)).

The list of conduct in subsections (1) through (8) of section 1692f sheds some light on the contextual meaning of "unfair or unconscionable." The familiar canon of *noscitur a sociis*, the interpretive rule that "a word is given more precise content by the neighboring words with which it is associated," United States v. Williams, 553 U.S. 285, 294 (2008), provides instruction in this respect. Under this rule, the phrase "unfair or unconscionable" can be construed in light of the specific examples of violative conduct in subsections (1) through (8) in order to avoid giving this section of the FDCPA "unintended breadth." Maracich v. Spears, 133 S. Ct. 2191, 2201 (2013). Those examples include collecting an amount not expressly authorized by the debt agreement or by law (see § 1692f(1)), soliciting or accepting a postdated check absent certain circumstances (see §§ 1692f(2)-(4)), charging any person for communications by concealing the true purpose of the communication (see § 1692f(5)), taking or threatening to take an action to dispossess or disable property when there is no present right in the property (see § 1692f(6)), communicating with a consumer about a debt by a postcard (see § 1692f(7)), or sending mail with any symbol other than the debt collector's address and non-identifying business name (see § 1692f(8)). "What all of these enumerated activities have in common is the capacity to harass the debtor or to pressure her to pay the debt." Elyazidi v. SunTrust Bank, 780 F.3d 227, 236 (4th Cir. 2015).

Similarly, case law provides instructive examples of collection practices that have been held to violation § 1692f. Those include removing money from a debtor's bank account in violation of a court order, see Okyere, 961 F. Supp. 2d at 530-31, maintaining an invalid lien against a debtor's home, see Currier v. First Resolution Inv. Corp., 762 F.3d 529, 535 (6th Cir.

8

2014), or seeking a writ of garnishment when the debtor was not behind in making payments, see Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1517 (9th Cir. 1994). In sum, viable claims under section 1692f are generally defined by either (1) the unauthorized taking of money or property (e.g., collecting amounts not authorized by law, charging for communications, or unlawfully garnishing money or property), or (2) communicating with a consumer in a manner that will cause their *public* embarrassment or invasion of privacy (e.g., sending a postcard or stamping an envelope as from a debt collector). On the other hand, courts have consistently held that "relatively innocuous" communications that "*correctly* inform[]" debtors of their potential liability and are "not misleading," "deceptive," or "abus[ive] [of] the debt collector's superior economic position" do not violate section 1692f. House v. Bank United, No. 1:00-CV-00059 (HRS), 2002 WL 32496179, at *2 (W.D.N.Y. Mar. 28, 2002), aff'd sub nom. House v. Berkman, Henoch, Peterson & Peddy, P.C., 56 F. App'x 32 (2d Cir. 2003); see also Eades v. Kennedy, PC Law Offices, No. 14-104-CV, 2015 WL 3498784, at *7 (2d Cir. June 4, 2015) ("discussing [a consumer's] potential liability" while not "recit[ing] all relevant defenses and considerations" was not unfair or unconscionable).

The letter at issue here falls squarely within the category of "relatively innocuous" communications that do not violate section 1692f. Sutton claims that the letter is "inappropriately worded" and "confusing" because details about the "arrangement" including "how [it] would benefit the consumer," what would be "reviewed," and "what the remaining balance would be less the $75.00" are not specified. These allegations do not amount to a claim under section 1692f. Sutton has not alleged a violation of any of the subsections of 1692f and, more generally, has not alleged any of the defining characteristics of a claim under section 1692f's prefatory claim—that FRS has attempted to take his money or property, or that it has

9

caused him public embarrassment. Additionally, as already noted in the context of Sutton's section 1692e claim, there is nothing deceptive, misleading, or otherwise abusive about FRS's letter.[2] Even from the standpoint of the least sophisticated consumer, this is nothing more than a relatively innocuous letter attempting to settle a debt. While FRS might have drafted the letter in a more precise fashion and better explained its offer, nothing about the letter is unfair or unconscionable. Accordingly, this claim is dismissed.

* * *

In granting FRS's motion to dismiss, the Court is mindful of policies favoring settlement and the language and purpose of the FDCPA. As noted herein, the purpose of the Act is to protect consumers from abusive debt collection practices. But to hold, as Sutton suggests here, "that a debt collector cannot offer payment options as part of an effort to resolve an outstanding debt, possibly without litigation, would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt—something that is clearly at odds with the language and purpose of the FDCPA." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399 (6th Cir. 1998). FRS's letter to Sutton offers a payment option that is potentially helpful to both parties: the consumer can put off paying the full balance of a delinquent debt (or avoid the consequences of not paying the balance) by making low monthly payments, while at the same time the debt collector can recoup a fraction of the debt. It is Sutton's option whether

---

[2] There is a line of cases stating that where a complaint fails to "identify any misconduct beyond that which [p]laintiffs assert violate other provisions of the FDCPA," that alone is a basis for the dismissal of a claim under section 1692f. Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006); see also Lautman v. 2800 Coyle St. Owners Corp., No. 14-CV-1868 ARR VVP, 2014 WL 4843947, at *12 (E.D.N.Y. Sept. 26, 2014). But at least one court has expressed that such a dismissal is appropriate only where other claims are *not* dismissed. See Okyere, 961 F. Supp. 2d at 531. While the reasons set forth above for dismissing Sutton's section 1692e claim may alone be sufficient to dismiss his section 1692f claim, resolution of that question is unnecessary as dismissal of the claim is based on the separate analysis set forth herein.

to accept this offer. Nothing in FRS's letter converts this somewhat sensible option to a deceptive act.

For the reasons stated above, Sutton has failed to allege plausible claims for relief, and this action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2015

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge